COMPUTERWARE, INC., t/a the
Computerware Store, Plaintiff,

v.

Joseph B. KNOTTS, et al., Defendants.

No. 85–177–CIV–4.

United States District Court,
E.D. North Carolina,
New Bern Division.

May 13, 1987.

See also, 626 F.Supp. 956.

John D. Warlick, Jr., Ellis, Hooper, War-
lick, Waters & Morgan, Jacksonville, N.C.,
for plaintiff.

Rudolf A. Renfer, Jr., Asst. U.S. Atty.,
Raleigh, N.C., for defendants.

## ORDER

BRITT, Chief Judge.

This matter is before the court on the defendants' motion to dismiss. The matter has been fully briefed and is now ripe for ruling.

In its complaint the plaintiff contests the authority of the post exchanges at Camp Lejeune and Cherry Point, North Carolina, to sell certain computers and accessories. These items were sold pursuant to an amendment to the Armed Services Exchange Regulations. Since the time that this lawsuit was filed these regulations were revised by the Department of Defense. The defendants now move this court to dismiss the action as moot. The plaintiff concedes that the action is moot if the new regulations are valid. However, it argues that the regulations are not valid.

The plaintiff argues that Article I, § 8 cl. 14, of the United States Constitution makes regulation of the Armed Services a legislative rather than an executive function. It argues that since the Department of Defense is established as an executive department the Secretary of the Department cannot make regulations unless Congress delegates it the authority to do so. The plaintiff reasons that since Congress has not adopted any statute creating or approving the post exchange system the Department of Defense did not have the power to approve regulations governing that system.

The plaintiff's argument has no merit. Although the Constitution gives Congress power to regulate the Armed Services, it also states that the President is Commander in Chief of the Armed Forces. Thus, it is clear from the Constitution that the executive plays a role in governing the nation's military forces. The Secretary of Defense has the power of the executive to establish rules and regulations for the government of the military services. *United States v. Eliason*, 41 U.S. (16 Pet.) 291, 10 L.Ed. 968 (1842). Since the Department of Defense can establish regulations pursuant to its executive powers, the plaintiff's argument that the Department cannot regulate without a legislative mandate must be rejected. The plaintiff does not argue that the regu-

lations are invalid under the Department's executive rule-making power. Therefore, there is no reason to hold that they are invalid. Accordingly, this action is dismissed as moot.